UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
SANDRA MORRISON ALLEN and
STEPHEN ALLEN, SR.,

                Plaintiff,

-against-

DEITRE REYNOLDS, Director of Mercy
First Foster Care, and MERCY FIRST
FOSTER CARE,

                Defendants.
----------------------------------------------------------x
FEUERSTEIN, J.

**MEMORANDUM AND ORDER**
08-cv-2003 (SJF)(LB)

On May 16, 2008, plaintiffs Sandra Morrison Allen and Stephen Allen, Sr., (collectively, "plaintiffs"), filed the instant action *pro se* challenging the placement of their son in foster care and Sandra's involuntary confinement for psychiatric evaluation in November 2005, and seeking declaratory relief and compensatory damages. By order dated June 19, 2008, *inter alia*, plaintiffs' claims relating to the placement of their son in foster care were *sua sponte* dismissed with prejudice and plaintiffs' First Amendment claims were dismissed with leave to amend. On August 11, 2008, plaintiffs filed an amended complaint against defendants Deitre Reynolds and Mercy First Foster Care (collectively, "defendants") in accordance with that order. Defendants filed an answer to the amended complaint on September 4, 2008. Thereafter, plaintiffs retained Anthony C. Ofodile, Esq., to represent them in this action. Following an initial conference held before Magistrate Judge Lois Bloom on September 17, 2008, plaintiffs were granted permission to move to file a second amended complaint by October 30, 2008. However, by letter dated October 30, 2008, Mr. Ofodile indicated that he was authorized to voluntarily withdraw this case

1

without prejudice, presumably pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

## DISCUSSION

Absent "a stipulation of dismissal signed by all parties who have appeared" in an action, Fed.R.Civ.P. 41(a)(1)(ii), a federal action in which an answer has been filed may be voluntarily dismissed by plaintiff "only by court order, on terms that the court considers proper." Fed.R.Civ.P. 41(a)(2). Such dismissals are without prejudice "[u]nless the order states otherwise." Fed.R.Civ.P. 41(a)(2). The following factors are relevant in determining whether to grant a voluntary dismissal without prejudice pursuant to Rule 41(a)(2):

> the plaintiff's diligence in bringing the motion; any "undue vexatiousness" on the plaintiff's part; the extent to which the suit has progressed, including defendant's efforts and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss.

Zagano v. Fordham Univ., 900 F.2d 12, 14 (2d Cir. 1990).

Upon consideration of the Zagano factors, plaintiffs' request to withdraw this case without prejudice is granted. The clerk of Court is directed to close this case.

SO ORDERED.

_____
SANDRA J. FEUERSTEIN, U.S.D.J.

Dated: November 3, 2008
Central Islip, New York

2

Copies to:

Ofodile & Associates, P.C.
498 Atlantic Avenue
Brooklyn, New York 11217
Attn:   Anthony C. Ofodile, Esq.

Callan, Koster, Brady & Brennan
One Whitehall Street, 10th Floor
New York, New York 10004
Attn:   Louis E. Valvo, Esq.
        Warren S. Koster, Esq.